■ CAMILLE WEISNER, Respondent-Appellant, v. SIDNEY WEISNER, Appellant-Respondent.— Order entered on March 19, 1963, unanimously modified, on the law and the facts, without costs, to strike the second decretal paragraph thereof and in lieu thereof to provide that plaintiff's application insofar as it seeks temporary alimony for her support and maintenance is denied but that the defendant shall pay to the plaintiff at her residence the sum of $300 weekly for support of the children of the marriage; to modify the third decretal paragraph to provide that the counsel fees to be paid to plaintiff shall be the sum of $1,500, to be paid within 10 days after service of copy of the order herein with notice of entry, with privilege to plaintiff to renew applica-

tion to trial court for additional allowance for counsel fees, if the circumstances so warrant; to modify subparagraph 2 of fourth decretal paragraph to provide that defendant may have care and temporary custody of the children for visitation alternatively one week on a Saturday from 10:00 A.M. to 7:00 P.M. and the next week on a Sunday from 10:00 A.M. to 5:30 P.M., and also from 3:00 P.M. to 5:00 P.M. on Wednesday of each week; and said order otherwise unanimously affirmed, without costs. On the record here, there is insufficient showing of a probability of plaintiff's success in the action; and, in any event, it appears that she is possessed of independent and sufficient means for her support pending the trial of the action. Consequently, an award of temporary alimony is not supported. Under the circumstances, however, the court in its discretion was justified in awarding counsel fees (see *Collins* v. *Collins*, 80 N. Y. 1, 8; *Schubert* v. *Schubert*, 284 App. Div. 887) but the amount awarded at Special Term was clearly excessive. In view of the tender age of the children of the marriage, Special Term properly awarded custody of the children to the mother pending a trial on the merits of the relevant issues, but in the interests of the welfare of the children, the defendant's visitation rights should be modified as herein provided. Settle order on notice. Concur — Botein, P. J., Rabin, Eager, Steuer and Bergan, JJ.